LEIGH M. CLARK, Supernumerary Circuit Judge.
After the order remanding this case with directions, the Clerk of this Court was furnished by the Clerk of the trial court, under the caption “Return to Remand”, a supplemental transcript in compliance with an order of the trial court pursuant to Rule 10(f) ARAP. The supplemental transcript reveals that on May 21, 1975, in chambers prior to the selection of a jury, there was an extended colloquy among the court, defendant, defendant’s attorney and defendant’s mother relative to whether defendant desired to be “considered as a Youthful Offender”, in which it was shown that, at a previous hearing before another judge of the trial court, defendant had positively stated that he didn’t wish to be tried as a youthful offender, saying, “I didn’t want to be tried as a Youthful Offender. I wanted to go before the Jury”. The supplemental transcript further shows that there was no definite change of desire or opinion by defendant on the subject, but it also discloses that the last words said by defendant with reference to the matter was as shown by the following excerpt:
“THE COURT: But in that event if you had done that, then, you would have been
tried by a Judge. Did you know that? “DEFENDANT: Yes, sir.
“THE COURT: And is that why you say you didn’t want it?
“DEFENDANT: I am confused on this.
“THE COURT: Because you wanted to be tried by a Jury?
“DEFENDANT: I reckon. I don’t for sure . . .”
Immediately thereafter, defendant’s attorney interposed a statement, in which the mother of defendant joined, to the effect that it was the attorney’s “advice to the mother and the mother and I have discussed it and the boy and I have discussed it and we all came to this — to the educated conclusion that it would be better not to waive our constitutional right to a trial by a Jury of our peers”. The court thereupon, after noting knowledgeableness of counsel for defendant in his field, particularly on the subject of the Youthful Offender Act, said:
“So, with that, the Court is satisfied that the Defendant knew that he had the right to ask for a consideration by the Court as to the Youthful Offender Act and on advice and consultation of his attorney and after a consideration of that right, under our State law, he has elected not to be considered as a Youthful Offender, and he is now before the Court on a charge of robbery with a demand for a Jury trial. So, with that, we will proceed with the Jury trial.”
Assuming that we now have a complete record as to all that transpired between the court and defendant as to his right to be treated as a youthful offender, we must note that nothing whatever was said to him as to the specific special advantages that he would have by being treated as a youthful offender. It is clear that he was apprised of his right to ask to be considered as a youthful offender, but he was not made aware of the benefits afforded him under the Youthful Offender Act. There is nothing in the record even to indicate that defendant was apprised of the fact that by being tried as a youthful offender the limit of any punishment that could be imposed upon him was three years, without the stigma of a conviction for a crime, especially a crime involving moral turpitude, as the crime of robbery involved in this case is, as opposed to a minimum imprisonment in the penitentiary for ten years, with no maximum.
We can understand the view of the trial court that we should have before us information contained in the supplemental transcript. Even so, we continue to find that defendant has not been sufficiently informed by the trial court of the provisions of the Youthful Offender Act for him to have voluntarily and understandably declined to be considered under such Act and that the case should be remanded, as it has previously been remanded, to the trial court for it to proceed in accordance with previous directions.
REMANDED WITH DIRECTION.
All the Judges concur.